IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

HYER STANDARDS, LLC,

    Plaintiff,

v.                                                      Case No. 18-cv-701-WCG

SUPER G CAPITAL, LLC,

    Defendant/Cross-Claimant,

v.

MULTIPOINT, INC. and
ASHLEY ISENBERG,

    Defendants/Cross-Claim Defendants.

**DEFENDANT/CROSS-CLAIMANT SUPER G CAPITAL, LLC'S
CROSS-CLAIMS AGAINST MULTIPOINT, INC. AND ASHLEY ISENBERG**

Defendant/Cross-Claimant Super G Capital, LLC, by and through its attorneys, von Briesen & Roper, s.c., for its cross-claims against Defendants Multipoint, Inc. and Ashley Isenberg, alleges as follows:

**PARTIES**

1.     Super G Capital, LLC (hereinafter "Super G"), is a Delaware limited liability company with a primary place of business located at 23 Corporate Plaza #100, Newport Beach, California 92660.

2.     Hyer Standards, LLC ("Hyer"), is a Wisconsin limited liability company with a principal place of business located at 701 US Highway 45, Pelican Lake, Wisconsin 54463.

3.     Multipoint, Inc. ("Multipoint") is an Illinois corporation with a principal place of business located at 415 North Sangamon Street, 3rd Floor Front, Chicago, Illinois 60642.

4. Ashley Isenberg ("Isenberg") is the Owner, President, and COO of Multipoint and is an adult resident of the State of Illinois who resides at 1019 Lake Street, Chicago, Illinois 60607.

## JURISDICTION AND VENUE

5. Subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(2). The amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists between the parties.

6. Venue is proper pursuant to 28 U.S.C. § 1391(d) because a substantial part of the events or omissions giving rise to the claims alleged in the Complaint occurred in this district and Plaintiff has a principal place of business in this district.

## GENERAL ALLEGATIONS

7. Super G realleges and incorporates herein by reference all of the allegations contained in the Plaintiff's complaint (Dkt. 1), as modified by the admissions and denials in Super G's answer and affirmative defenses.

## FIRST CROSS-CLAIM – CONTRIBUTION AND INDEMNIFICATION – EQUITABLE
**(Against Multipoint and Isenberg)**

8. Super G realleges and incorporates herein by reference each and every one of the foregoing paragraphs.

9. If the trier of fact finds liability against Super G, then Super G is entitled to contribution and/or indemnification against Multipoint and Isenberg because the material actions complained of in the complaint were committed by, or were proximately caused by, Multipoint and Isenberg and not Super G.

## SECOND CROSS-CLAIM – INDEMNIFICATION – CONTRACTUAL
### (Against Multipoint)

10. Super G realleges and incorporates herein by reference each and every one of the foregoing paragraphs.

11. Super G and Multipoint are parties to certain Business Loan and Security Agreement Residual agreements dated August 5, 2016 and February 1, 2016 (the "Agreements").

12. The Agreements include material terms which include, among other things, the duty of Multipoint to remit funds due to Super G, to direct card processing customers to remit payments due from Multipoint directly to Super G, and the right of Super G to debit Multipoint's accounts.

13. The Agreements also contain warranties and representations by Multipoint, which include, among other things, that Multipoint's performance under the Agreements does not violate any provision of law, Multipoint is not aware of any pending or threatened litigation, and Multipoint has good and marketable title to all collateral, including rights to payments, that secure Multipoint's obligations to Super G under the Agreements.

14. The Agreements define Multipoint as the "Borrower" and Super G as the "Lender" and impose the following duties on Multipoint:

> Borrower agrees to indemnify, defend, and hold harmless Lender, its employees, members, directors, managers, officers or agents from and against any loss, liability, damage, penalty or expense (including attorneys' fees, expert witness fees and cost of defense) they may suffer or incur as a result of: (a) any failure by Borrower or any employee, agent or Affiliate of Borrower to comply with the terms of this Agreement or any other legal obligation to Lender; (b) any warranty or representation made by Borrower being false or misleading; (c) any warranty or representation made by Borrower or any employee or agent of Borrower to any third person; (d) negligence of Borrower or its/his/her subcontractors, agents or employees; or (e) any alleged or actual violations by Borrower or its/his/her subcontractors, employees or agents of any governmental laws, regulations or rules.

15. Multipoint's actions resulting in the complaint being filed in this matter breached material terms of the Agreements and/or were negligent or otherwise in violation of law and, therefore, Multipoint must indemnify Super G for, without limitation, all costs and attorney fees incurred by Super G in this matter, as well as any damages assessed against Super G by the finder of fact.

### THIRD CROSS-CLAIM – ATTORNEY FEES
**(Against Multipoint and Isenberg)**

16. Super G realleges and incorporates herein by reference each and every one of the foregoing paragraphs.

17. Super G and Multipoint are parties to an enforceable contract.

18. Multipoint breached the contract.

19. Multipoint and Isenberg also committed improper conduct with respect to dealings with Hyer that resulted in Hyer commencing this action.

20. The breach of contract by Multipoint and commission of such wrongful acts by both Multipoint and Isenberg forced Super G into litigation with a third party, Hyer, and requires Super G to incur accruing expenses protecting Super G's interests against claims arising from Multipoint's breach of contract and Multipoint's and Isenberg's other wrongful acts.

21. Multipoint is responsible for paying Super G's attorney fees pursuant to the third-party litigation exception to the American Rule stated in *Talmer Bank and Trust v. Jacobsen*, 2018 WI App 15, 380 Wis. 2d 171, 908 N.W.2d 495.

WHEREFORE, Defendant/Cross-Claimant Super G Capital, LLC respectfully requests that the Court enter judgment in its favor and against Multipoint, Inc. and Ashley Isenberg as follows:

A. entering an order of contribution and/or indemnification;

B.  awarding attorney fees pursuant to the third-party litigation exception to the American Rule;

C.  awarding costs and reasonable attorney fees to the extent allowed by law; and

D.  granting such other and further relief as the Court deems just, proper or equitable.

Dated this 10th day of July, 2018.

Respectfully submitted,

By: *s/ Mark E. Schmidt*
Mark E. Schmidt, SBN 1052450
Nicholas D. Castronovo, SBN 1085033
VON BRIESEN & ROPER, S.C.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Phone: (414) 287-1249
Fax: (414) 276-6281
E-mail: mschmidt@vonbriesen.com
ncastron@vonbriesen.com

*Attorneys for Defendant/Cross-Claimant Super G Capital, LLC*

31357277_3.DOCX