**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HYER STANDARDS, LLC,<br>701 US Highway 45,<br>Pelican Lake, Wisconsin 54463,<br><br>        Plaintiff,<br><br>   vs.<br><br>SUPER G CAPITAL, LLC,<br>1655 North Fort Meyer Drive, #700,<br>Arlington, Virginia 22209,<br><br>MULTIPOINT, INC.,<br>415 North Sangamon Street, 3rd Floor Front,<br>Chicago, Illinois 60642,<br><br>ASHLEY ISENBERG,<br>415 North Sangamon Street, 3rd Floor Front,<br>Chicago, Illinois 60642,<br><br>WORLDPAY,<br>600 Morgan Falls Road<br>Atlanta, GA 30350,,<br><br>        Defendants. | CASE NO. 1:18-CV-06669<br><br>JUDGE CHARLES KOCORAS |

## WORLDPAY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

NOW COMES defendant Worldpay US, Inc. (wrongly named as "Worldpay"), by its attorneys and for its Answer to Plaintiff's Amended Complaint, and states as follows:

### GENERAL ALLEGATIONS

1.      Hyer Standards, LLC (hereinafter "Hyer"), is a domestic limited liability company authorized to do business in the State of Wisconsin and, in part, engages in payment processing services, and is located at 701 US Highway 45, Pelican Lake, Wisconsin 54463.

**ANSWER:**    Upon information and belief, Worldpay admits that Hyer maintains facilities at 701 US Highway 45, Pelican Lake, Wisconsin 54463. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

2.     Defendant, Super G Capital, LLC (hereinafter "Super G"), is a Delaware company that, in part, provides business financing to businesses. Super G's primary place of business is located at 1655 North Fort Meyer Drive #700, Arlington, Virginia 22209. Super G's registered agent for service of process is Darrin Ginsburg, 23 Corporate Plaza #100, Newport Beach, California 92660.

**ANSWER:**    Upon information and belief, Worldpay admits that Super G maintains facilities at 1655 North Fort Meyer Drive #700, Arlington, Virginia 22209, and that its registered agent is listed as Darrin Ginsburg, 23 Corporate Plaza #100, Newport Beach, California 92660. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

3.     Defendant, Multipoint, Inc. (hereinafter "Multipoint") is an Illinois corporation that, in part, provides merchant service needs. Multipoint's primary place of business is located at 415 North Sangamon Street, 3rd Floor Front, Chicago, Illinois 60642. Multipoint's registered agent for service of process is Ashley Isenberg, 415 North Sangamon Street, 3rd Floor Front, Chicago, Illinois 60642.

**ANSWER:**    Upon information and belief, Worldpay admits that Multipoint maintains facilities at 415 North Sangamon Street, 3rd Floor Front, Chicago, Illinois 60642, and that its registered agent is listed as Ashley Isenberg, 415 North Sangamon Street, 3rd Floor Front, Chicago, Illinois 60642. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

4.     Upon information and belief, Defendant, Ashley Isenberg (hereinafter "Isenberg"), is the Owner, President, and COO of Multipoint, with her current whereabouts unknown. She currently conducts business at 415 North Sangamon Street, 3rd Floor Front, Chicago, Illinois 60642.

**ANSWER:**    Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

5.      Upon information and belief, Defendant, Worldpay, is a business that provides secure payment services for small and large businesses, including payments online, card machines and telephone payments and has a business address located at 600 Morgan Falls Road, Atlanta, GA 30350.

**ANSWER:**   Worldpay admits that it provides secure payment-acceptance solutions for a wide range of companies, and that these solutions include card, online, mobile, telephone, and mail-order payments, among other things. Worldpay denies the remaining allegations of this paragraph.

6.      On or around June 2017, Hyer approached Multipoint and Isenberg as it needed a new credit card processor as its existing processors could not process the credit card chips.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

7.      Multipoint and Isenberg claimed that it was an ISO processor, but that statement was incorrect as it was not an ISO processor.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

8.      On July 5, 2017, Hyer and Multipoint entered into a portfolio purchase agreement (hereinafter "Agreement") in which Hyer agreed to sell and Multipoint agreed to purchase the portfolio residual, in part, on the following terms:

a.      Multipoint agreed to make installment payments of $110,000.00 in equal installments over 12 months with the first payment due on August 20, 2017;

b.      Multipoint agreed to make a final payment of $15,396.98 to Super G by July 20, 2017;

c.      Multipoint agreed to reimburse Hyer $10,000.00 for registration fees;

d.      Multipoint agreed to hire Hyer's two sales representatives, Duane Vandre and Donald Lewis;

e.    Multipoint agreed that Duane Vandre and Donald Lewis would receive 50% of the residuals Multipoint received and for future accounts;

f.    Multipoint agreed to pay Hyer 10% of the residuals earned from the portfolio residual and 50% of the residuals earned from future accounts Hyer signs up for payment processing through the purchaser; and

g.    Hyer, Duane Vandre, and Donald Lewis agreed to sell payment processing services exclusively for Multipoint as indicated in the contract attached to this Complaint as Exhibit A.

**ANSWER:**    Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

9.    Multipoint never paid Hyer as required in the Agreement in January 2018.

**ANSWER:**    Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

10.    Unknown to Hyer, prior to Multipoint ever paying Hyer for the accounts, Multipoint used the residual income from Hyer's portfolio to secure a loan with Super G.

**ANSWER:**    Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

11.    Once Multipoint secured a loan from Super G, it failed to pay Hyer.

**ANSWER:**    Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

12.    Despite Hyer's loans with Super G being paid in full, Hyer's residual income was redirected to Super G.

**ANSWER:**    Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

13.    Hyer notified Super G that Multipoint had breached its Agreement with Hyer and demanded that Super G redirect the residual income from Hyer's portfolio to it. Super G continued

4

to redirect Hyer's residuals to itself despite Super G knowing that Multipoint had breached its contract with Hyer.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

14. Multipoint misrepresented its business in the process of negotiating the Agreement for its own financial gain.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

15. Since the Agreement, Multipoint has not been providing Hyer's merchants with the support and assistance they require, Hyer has experienced:

      a. Employee attrition;

      b. Customer attrition; and

      c. Damage to its reputation.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

16. As a result of Multipoint and Super G's behavior, Hyer has suffered financially, including defaulting on financial obligations.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

17. Since litigation has commenced, WorldPay entered into a transaction with Multipoint and perhaps its owners for the purpose of purchasing approximately 50 credit card processing ISO accounts. Many of these accounts were purchased by Multipoint from Hyer. Hyer has not been paid per the contractual terms of its portfolio purchase agreement with Multipoint.

**ANSWER:** Worldpay admits that it has purchased certain residuals arising from merchants processing with First Data. Worldpay denies that it has acquired any interest from Multipoint in merchants processing with First Data since this litigation began. Worldpay denies that its purchases, or any other allegations of the Amended Complaint, entitle Plaintiff to any relief from

Worldpay. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

18.     Pursuant to Section 11.9 of the contractual agreement that Multipoint had with

Hyer, Multipoint was bound by the following:

> 11.9     Assignment.   Neither this Agreement nor any interest herein shall be assignable (voluntarily, involuntarily, by judicial process or otherwise) by any party to any person or entity without the prior written consent of the other party.   Any attempt to assign this Agreement without such consent shall be void and, at the option of the party whose consent is required, shall be an incurable breach of this Agreement resulting in the termination of this Agreement.

**ANSWER:**     Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

19.     This contractual language was brought to the attention of WorldPay on December

7, 2018, but WorldPay has not responded. Hyer never consented to the sales or transfers to

WorldPay.

**ANSWER:**     Worldpay admits that it received correspondence from John F. Mayer, Esq. regarding this case on or about December 7, 2018. Worldpay further admits that its representative responded to Mr. Mayer's correspondence by email on December 10, 2018, and again, by mail, on December 13, 2018. Worldpay denies the remaining allegations of this paragraph. Worldpay further denies that it was obligated to seek Plaintiff's consent, or that Plaintiff had a right to provide such consent, for any sales or transfers to Worldpay.

20.     Jurisdiction is based upon diversity of citizenship to 28 USC § 1332 since the

controversy is between citizens of different states and the amount in controversy exceeds

$75,000.00.

**ANSWER:**     Worldpay admits that Plaintiff invokes this Court's jurisdiction based on diversity of citizenship pursuant to 28 USC § 1332. Worldpay denies that Plaintiff is entitled to the relief it seeks or that Worldpay is a proper party to this case. Worldpay denies the remaining allegations of this paragraph.

21.     Venue is proper pursuant to 28 USC § 1391(d) as the defendants have significant

contacts within this judicial district.

**ANSWER:**     Worldpay admits that Plaintiff seeks to establish proper venue in this Court pursuant to 28 USC § 1391(d). Worldpay denies that it maintains offices within this judicial

district. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

## I.     BREACH OF CONTRACT (AGAINST MULTIPOINT ONLY)

22.     Hyer realleges and incorporates herein by reference the allegations in the foregoing

paragraphs, as if fully stated herein.

**ANSWER:**     Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

23.     Multipoint breached its contract with Hyer by failing to make payments as required

in the Agreement.

**ANSWER:**     Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

24.     Since litigation has commenced, WorldPay entered into a transaction with

Multipoint and perhaps its owners for the purpose of purchasing approximately 50 credit card

processing ISO accounts. Many of these accounts were purchased by Multipoint from Hyer.  Hyer

has not been paid per the contractual terms of its portfolio purchase agreement with Multipoint.

**ANSWER:**     Worldpay admits that it has purchased certain residuals arising from merchants processing with First Data. Worldpay denies that it has acquired any interest from Multipoint in merchants processing with First Data since this litigation began. Worldpay denies that its purchases, or any other allegations of the Amended Complaint, entitle Plaintiff to any relief from Worldpay. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

25.     Pursuant to Section 11.9 of the contractual agreement that Multipoint had with

Hyer, Multipoint was bound by the following

> 11.9    Assignment.   Neither this Agreement nor any interest herein shall be assignable (voluntarily, involuntarily, by judicial process or otherwise) by any party to any person or entity without the prior written consent of the other party.  Any attempt to assign this Agreement without such consent shall be void and, at the option of the party whose consent is required, shall be an incurable breach of this Agreement resulting in the termination of this Agreement.

Hyer never consented to the sales or transfers to WorldPay.

**ANSWER:**    Worldpay denies that it was obligated to seek Plaintiff's consent, or that Plaintiff had a right to provide such consent, for any sales or transfers to Worldpay. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

26.    Hyer has suffered monetary and reasonably foreseeable damages as a result of Multipoint's breach of its contract with Hyer to which Hyer requests judgment against Multipoint for the amounts not paid as well as consequential damages suffered as a result of Multipoint's breach.

**ANSWER:**    Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## II.    WIS. STAT. § 134.01 (AGAINST MULTIPOINT AND SUPER G)

27.    Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**    Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

28.    Multipoint and Super G have willfully or maliciously hurt Hyer's reputation and/or business causing Hyer to default on financial obligations.

**ANSWER:**    Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

29.    Hyer sustained damages and continues to incur substantial and irreparable damage to its business as a result of defendants' actions.

**ANSWER:**    Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## III.    CIVIL CONSPIRACY (AGAINST MULTIPOINT AND SUPER G)

30.    Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**    Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

31.     Defendants conspired together to damage Hyer's reputation and/or business.

**ANSWER:**     Worldpay denies that it conspired against Plaintiff. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

32.     Hyer sustained damages and continues to incur substantial and irreparable damage

to its business as a result of defendants' actions.

**ANSWER:**     Worldpay denies that Plaintiff has sustained any damages as a result of Worldpay's actions. Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## IV.     PUNITIVE DAMAGES (AGAINST MULTIPOINT AND SUPER G)

33.     Hyer realleges and incorporates herein by reference the allegations in the foregoing

paragraphs, as if fully stated herein.

**ANSWER:**     Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

34.     Defendants acted maliciously or in intentional disregard of the rights of plaintiff

Hyer as set forth above.

**ANSWER:**     Worldpay denies that it acted maliciously or in intentional disregard of Plaintiff's rights. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

35.     As a direct and proximate result of the outrageous conduct of the defendants, Hyer

sustained damages and continues to incur substantial and irreparable damage to its business and is

entitled to punitive damages.

**ANSWER:**     Worldpay denies that Plaintiff has sustained any damages as a result of Worldpay's actions. Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## V.     MISREPRESENTATION (AGAINST MULTIPOINT ONLY)

36.     Hyer realleges and incorporates herein by reference the allegations in the foregoing

paragraphs, as if fully stated herein.

9

**ANSWER:** Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

37. Multipoint specifically represented to Hyer that it was a financially stable company

and that it would make payments to Hyer as required in the Agreement.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

38. Multipoint made this representation with the intent to induce Hyer to enter into the

Agreement.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

39. Hyer is a member of the public meant to be protected by Wis. Stat.§ 100.18.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

40. Multipoint further withheld material information and facts, which Hyer would need

to know and understand before entering into the Agreement.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

41. Multipoint's representations and misleading practices were false, deceptive, and

misleading.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

42. Multipoint's false, deceptive, and misleading practices and representations have

caused Hyer to suffer economic loss.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## VI.    NEGLIGENT MISREPRESENTATION (AGAINST MULTIPOINT ONLY)

43. Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:** Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

44. Multipoint specifically represented to Hyer that it was a financially stable company and that it would make payments to Hyer as required in the Agreement.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

45. The representations were untrue.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

46. Multipoint failed to exercise reasonable care in ascertaining the necessary facts for disclosure.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

47. Hyer relied upon the representations to be true and relied on them to its detriment.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

48. As a result of Multipoint's failure to exercise reasonable care, Hyer has suffered pecuniary damages in an amount to be determined at trial.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## VII.   INTENTIONAL MISREPRESENTATION (AGAINST MULTIPOINT ONLY)

49. Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:** Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

50.     Multipoint specifically represented to Hyer that it was a financially stable company and that it would make payments to Hyer as required in the Agreement while knowing it was not a financially stable company and would not make payments as required in the Agreement.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

51.     The representations were untrue.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

52.     The untrue representations were knowingly made by Multipoint without caring whether the representations were true or false.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

53.     Multipoint made the representations with the intent to deceive and induce Hyer to enter into the Agreement at a price and on terms favorable to Multipoint, and to the detriment of Hyer, resulting in pecuniary damages in an amount to be determined at trial.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

54.     Hyer believed the representations made by Multipoint to be true and relied upon the representations.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## VIII.   STRICT LIABILITY MISREPRESENTATION (AGAINST MULTIPOINT ONLY)

55.     Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**   Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

56.     Multipoint made representations of facts as set forth above.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

57.     The representations were untrue.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

58.     Multipoint made the representations as facts based upon its own personal knowledge, or in circumstances in which it necessarily ought to have known the truth or untruth of the statements.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

59.     Multipoint had an economic interest in the Agreement, and stood to make a financial gain if Hyer entered into the transaction.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

60.     Hyer believed the representations made by Multipoint as described above to be true and relied upon the representations.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## IX.     RESCISSION OF CONTRACT (AGAINST MULTIPOINT ONLY)

61.     Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**   Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

62.     Multipoint breached its contract with Hyer.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

63.     As a result of Multipoint's breach, Hyer is entitled to rescission of the Agreement.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## X.   CIVIL THEFT (AGAINST SUPER G ONLY)

64.   Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**   Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

65.   Despite Hyer's loans with Super G being paid in full, Hyer's residual income was redirected to Super G.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

66.   Super G intentionally retained possession of Hyer's residual income despite Hyer's repeated requests with the intention to permanently deprive Hyer of its residual income.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

67.   Hyer's residual income should not have been redirected to Super G.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

68.   As a result of Super G's conduct, Hyer has suffered damages in an amount to be determined at trial.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## XI.   FRAUD (AGAINST MULTIPOINT AND SUPER G)

69.   Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**   Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

70.     Multipoint specifically represented to Hyer that it was a financially stable company and that it would make payments to Hyer as required in the Agreement.

**ANSWER:**     Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

71.     This representation was untrue as Multipoint used Hyer's portfolio to ensure payment with Super G and did not make payments as required in the Agreement.

**ANSWER:**     Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

72.     Multipoint knew the representations were incorrect and that it would not be able to make the required payments in the Agreement, but did not properly notify Hyer.

**ANSWER:**     Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

73.     Multipoint made this representation to induce Hyer to its detriment as Hyer entered into an Agreement with Multipoint expecting the company was financially stable and that it would make the required payments in the Agreement.

**ANSWER:**     Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

74.     Hyer notified Super G that Multipoint had breached its Agreement with Hyer and demanded that Super G redirect the residual income from Hyer's portfolio to it.  Super G continued to redirect Hyer's residuals to itself despite Super G knowing that Multipoint had breached its contract with Hyer.

**ANSWER:**     Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

75.     Hyer believed Multipoint's representations and relied on the representations.

**ANSWER:**     Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

76.     As a result of Multipoint and Super G's conduct, Hyer has suffered damages in an amount to be determined at trial.

**ANSWER:**     Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## XII.     PIERCING THE CORPORATE VEIL (AGAINST ISENBERG ONLY)

77.     Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**     Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

78.     Upon information and belief, Isenberg controlled the policies and business practices of Multipoint in these dealings with Hyer, such that Multipoint had no separate existence or mind of its own.

**ANSWER:**     Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

79.     Such control asserted by Isenberg was used by her to commit a violation of statutory duties or other legal duties in contradiction of Hyer's legal rights as previously stated in this Complaint.

**ANSWER:**     Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

80.     The aforesaid control and breach caused injury and damage to Hyer and allows Hyer to pierce the corporate veil and assert claims directly against Isenberg.

**ANSWER:**     Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## XII.     REPLEVIN (AGAINST WORLDPAY ONLY)

81.     Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**  Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

82.    WorldPay is in possession of approximately 50 credit card processing ISO accounts. Many of these accounts were purchased by Multipoint from Hyer.  Hyer has not been paid per the contractual terms of its portfolio purchase agreement with Multipoint.

**ANSWER:**    Because the allegations of this paragraph relating to "50 credit card processing ISO accounts" are vague and ambiguous, Worldpay denies them. Worldpay also denies that it has interest from Multipoint in merchants processing with First Data since this litigation began. Worldpay further denies that its purchases, or any other allegations of the Amended Complaint, entitle Plaintiff to any relief from Worldpay. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

83.    These accounts are the property of Hyer as the accounts are not assignable pursuant to Section 11.9 of the contractual agreement between Hyer and Multipoint that Multipoint has breached on account of non-payment. Hyer never consented to the sales or transfers to WorldPay.

**ANSWER:**    Worldpay denies the allegations of this paragraph. Worldpay also denies that it was obligated to seek Plaintiff's consent, or that Plaintiff had a right to provide such consent, for any sales or transfers to Worldpay. Worldpay further denies that Plaintiff is entitled to the relief it seeks from Worldpay.

## XIV.  815 ILL. COMP. STAT. ANN. 505/2 (AGAINST MULTIPOINT ONLY)

84.    Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**  Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

85.    Multipoint specifically represented to Hyer that it was a financially stable company and that it would make payments to Hyer as required in the Agreement.

**ANSWER:**  Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

86.    The representations were untrue.

**ANSWER:**  Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

17

87.     Multipoint failed to exercise reasonable care in ascertaining the necessary facts for disclosure and Multipoint intended for Hyer to rely on the representations.

**ANSWER:**  Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

88.     Hyer relied upon the representations to be true and relied on them to its detriment.

**ANSWER:**  Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

89.     Multipoint made these representations in the course of trade or commerce as the parties were negotiating, in part, the sale of Hyer's portfolio residual.

**ANSWER:**  Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

90.     As a result of Multipoint's failure to exercise reasonable care, Hyer has suffered pecuniary damages in an amount to be determined at trial.

**ANSWER:**  Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### *Failure to Serve Written Notice*

Plaintiff seeks replevin of "approximately 50 credit card processing ISO accounts" from Worldpay. (AC ¶ 82). But Plaintiff has not properly alleged that those accounts are "wrongfully detained" by Worldpay, as required by 735 ILCS 5/19-104. Illinois courts have interpreted that language to mean that "a replevin action cannot be maintained until the Plaintiff has made a demand for the surrender of the property and the defendant has refused." *First Illini Bank v. Wittek Indus., Inc.*, 261 Ill. App. 3d 969, 970 (3rd Dist. 1994) (collecting cases). Here, Plaintiff has not even alleged that it fulfilled this statutory requirement before filing suit against Worldpay. Because

18

Plaintiff has not made a proper demand under Illinois law, its claim against Worldpay fails and should be dismissed with prejudice.

## SECOND AFFIRMATIVE DEFENSE
### *Lack of Standing*

Under Illinois law, a replevin action may be maintained only by a party who owns property or is entitled to possession thereof. *See Long v. Burnside*, 295 Ill. App. 82, 86 (3nd Dist. 1938). A plaintiff must recover on the strength of its own title to the property, and not merely "upon the weakness of the title of defendant . . . ." *Id.* Here, Plaintiff has not alleged any cognizable theory entitling it to the accounts in question; instead, it only insists that those accounts "are the property of [Plaintiff]" because Multipoint could not assign them and because Multipoint did not pay Plaintiff under their agreement. (AC ¶ 83). These allegations, even if true, do not establish *Plaintiff's* rightful ownership of those accounts (indeed, the Amended Complaint alleges that the accounts were purchased from Plaintiff by Multipoint (*see* AC ¶ 82)). As a result, Plaintiff's claim against Worldpay fails and should be dismissed with prejudice.

## THIRD AFFIRMATIVE DEFENSE
### *Property Not Capable of Return*

Illinois law also limits replevin actions to property that is "capable of identification and return." *FirstMerit Bank, N.A. v. Micro Medics Computer*, 2014 WL 4494731, at *2 (WorlN.D. Ill. Sept. 9, 2014). Here, the accounts in question, even if identifiable, are not tangible or otherwise susceptible to return. Instead, they are intangible customer relationships serviced by Worldpay at the pleasure of those customers. Such property is not capable of "return" in the first place, and

Plaintiff has not alleged otherwise. Accordingly, Plaintiff's claim against Worldpay fails and should be dismissed with prejudice.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Worldpay respectfully requests that the Court:

1.      Deny Plaintiff's request for relief against Worldpay;

2.      Dismiss the Amended Complaint with prejudice as to Worldpay; and

3.      Award Worldpay any other relief the Court may deem just and proper.

Dated this 12th day of March, 2019.

BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP


By: _/s/Trevor Illes_____
    David Pope
    Trevor Illes
    333 West Wacker Drive, Suite 1900
    Chicago, IL  60606
    (312) 212-4949
    (312) 767-9192 - Fax
    Email:  dpope@beneschlaw.com
           tilles@beneschlaw.com

*Attorneys for Defendant Worldpay US, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Trevor J. Illes, certify that, on March 12, 2019, I filed the foregoing ***Answer to Plaintiff's Amended Complaint*** via the Court's ECF system, which will provide electronic notice of the same to all parties of record.

_____*/s/Trevor Illes*_____

Attorney for Defendant Worldpay US, Inc.
