IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

HYER STANDARDS, LLC,
701 US Highway 45,
Pelican Lake, Wisconsin 54463,

                Plaintiff,

v.                                              Case No.: 1:18-cv-06669

SUPER G CAPITAL, LLC,
1655 North Fort Meyer Drive, #700,
Arlington, Virginia 22209,

MULTIPOINT, INC.,
415 North Sangamon Street,
3rd Floor Front,
Chicago, Illinois 60642,

ASHLEY ISENBERG,
415 North Sangamon Street,
3rd Floor Front,
Chicago, Illinois 60642,

WORLDPAY,
600 Morgan Falls Road,
Atlanta, GA 30350,

                Defendants.

**HYER STANDARDS, LLC'S ANSWER TO MULTIPOINT, INC.'S COUNTERCLAIM**

NOW COMES plaintiff, Hyer Standards, LLC, by its attorneys, Nash, Spindler, Grimstad & McCracken LLP, and hereby responds to Multipoint, Inc.'s counterclaim as follows:

    1.    Answering paragraph one, this answering plaintiff admits.

    2.    Answering paragraph two, this answering plaintiff admits.

1

3. Answering paragraph three, this answering plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies said paragraph at this time.

4. Answering paragraph four, this answering plaintiff admits that plaintiff and Multipoint had an agreement, but affirmatively allege that plaintiff did not breach said agreement. This answering plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies said paragraph at this time.

5. Answering paragraph five, this answering plaintiff admits that plaintiff and Multipoint had an agreement, but affirmatively allege that plaintiff did not breach said agreement. This answering plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies said paragraph at this time.

6. Answering paragraph six, this answering plaintiff admits that plaintiff and Multipoint had an agreement, but affirmatively allege that plaintiff did not breach said agreement. This answering plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies said paragraph at this time.

7. Answering paragraph seven, this answering plaintiff admits that the agreement speaks for itself. This answering plaintiff further admits that plaintiff and Multipoint had an agreement, but affirmatively allege that plaintiff did not breach said agreement. This answering plaintiff is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations therein and, therefore, denies said paragraph at this time.

8. Answering paragraph eight, this answering plaintiff admits that the agreement speaks for itself. This answering plaintiff further admits that plaintiff and Multipoint had an agreement, but affirmatively allege that plaintiff did not breach said agreement. This answering plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies said paragraph at this time.

9. Answering paragraph nine, this answering plaintiff admits that the agreement speaks for itself. This answering plaintiff further admits that plaintiff and Multipoint had an agreement, but affirmatively allege that plaintiff did not breach said agreement. This answering plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies said paragraph at this time.

10. Answering paragraph ten, this answering plaintiff admits that the agreement speaks for itself. This answering plaintiff further admits that plaintiff and Multipoint had an agreement, but affirmatively allege that plaintiff did not breach said agreement. This answering plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies said paragraph at this time.

11. Answering paragraph eleven, this answering plaintiff denies said paragraph at this time.

12. Answering paragraph twelve, this answering plaintiff denies said paragraph at this time.

13. Answering paragraph thirteen, this answering plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies said paragraph at this time.

14. Answering paragraph fourteen, this answering plaintiff denies said paragraph at this time.

15. Answering paragraph fifteen, this answering plaintiff denies said paragraph at this time.

16. Answering paragraph sixteen, this answering plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies said paragraph at this time.

17. Answering paragraph seventeen, this answering plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies said paragraph at this time.

18. Answering paragraph eighteen, this answering plaintiff denies said paragraph at this time.

19. Answering paragraph nineteen, this answering plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies said paragraph at this time.

20. Answering paragraph twenty, this answering plaintiff denies said paragraph at this time.

21. Answering paragraph twenty-one, this answering plaintiff denies said paragraph at this time.

22. Answering paragraph twenty-two, this answering plaintiff denies said paragraph at this time.

23. Answering paragraph twenty-three, this answering plaintiff denies said paragraph at this time.

24. Answering paragraph twenty-four, this answering plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies said paragraph at this time.

25. Answering paragraph twenty-five, this answering plaintiff denies said paragraph at this time.

26. Answering paragraph twenty-six, this answering plaintiff denies said paragraph at this time.

27. Answering paragraph twenty-seven, this answering plaintiff denies said paragraph at this time.

28. Answering paragraph twenty-eight, this answering plaintiff denies said paragraph at this time.

## PRAYER FOR RELIEF

WHEREFORE, Hyer demands a trial by jury and judgment against the defendants as follows:

A. For a dismissal of Multipoint's counterclaim on its merits, with prejudice and with costs;

B. For costs and disbursements of this action; and

C.     For such further relief as the Court deems just and proper.

Dated this 15th day of October, 2019.

          NASH, SPINDLER, GRIMSTAD & McCRACKEN, LLP

          *s/ Ryan R. Graff*

By: _____
Ryan R. Graff
State Bar No. 1051307
Sean A. Bukowski
State Bar No. 1096228
Attorneys for plaintiff Hyer Standards, LLC
Nash, Spindler, Grimstad & McCracken, LLP
1425 Memorial Drive
Manitowoc, WI 54220
Telephone: (920) 684-3321
Facsimile: (920) 684-0544
rgraff@nashlaw.com
sbukowski@nashlaw.com