**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HYER STANDARDS, LLC, <br> 701 US Highway 45, <br> Pelican Lake, Wisconsin 54463, <br><br>        Plaintiff, <br><br>     vs. <br><br> SUPER G CAPITAL, LLC, <br> 1655 North Fort Meyer Drive, #700, <br> Arlington, Virginia 22209, <br><br> MULTIPOINT, INC., <br> 415 North Sangamon Street, 3rd Floor Front, <br> Chicago, Illinois 60642, <br><br> ASHLEY ISENBERG, <br> 415 North Sangamon Street, 3rd Floor Front, <br> Chicago, Illinois 60642, <br><br> WORLDPAY, <br> 600 Morgan Falls Road <br> Atlanta, GA 30350,, <br><br>        Defendants. | CASE NO. 1:18-CV-06669 <br><br> JUDGE CHARLES KOCORAS |

## WORLDPAY'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND CROSSCLAIMS

NOW COMES defendant, Worldpay, LLC (wrongly named as "Worldpay"), by its attorneys and for its Answer to Plaintiff's Amended Complaint, and states as follows:

### GENERAL ALLEGATIONS

1. Hyer Standards, LLC (hereinafter "Hyer"), is a domestic limited liability company authorized to do business in the State of Wisconsin and, in part, engages in payment processing services, and is located at 701 US Highway 45, Pelican Lake, Wisconsin 54463.

1

**ANSWER:**   Upon information and belief, Worldpay admits that Hyer maintains facilities at 701 US Highway 45, Pelican Lake, Wisconsin 54463. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

2.      Defendant, Super G Capital, LLC (hereinafter "Super G"), is a Delaware company that, in part, provides business financing to businesses. Super G's primary place of business is located at 1655 North Fort Meyer Drive #700, Arlington, Virginia 22209.  Super G's registered agent for service of process is Darrin Ginsburg, 23 Corporate Plaza #100, Newport Beach, California 92660.

**ANSWER:**   Upon information and belief, Worldpay admits that Super G maintains facilities at 1655 North Fort Meyer Drive #700, Arlington, Virginia 22209, and that its registered agent is listed as Darrin Ginsburg, 23 Corporate Plaza #100, Newport Beach, California 92660. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

3.      Defendant, Multipoint, Inc. (hereinafter "Multipoint") is an Illinois corporation that, in part, provides merchant service needs.  Multipoint's primary place of business is located at 415 North Sangamon Street, 3rd Floor Front, Chicago, Illinois 60642.  Multipoint's registered agent for service of process is Ashley Isenberg, 415 North Sangamon Street, 3rd Floor Front, Chicago, Illinois 60642.

**ANSWER:**   Upon information and belief, Worldpay admits that Multipoint maintains facilities at 415 North Sangamon Street, 3rd Floor Front, Chicago, Illinois 60642, and that its registered agent is listed as Ashley Isenberg, 415 North Sangamon Street, 3rd Floor Front, Chicago, Illinois 60642. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

4.      Upon information and belief, Defendant, Ashley Isenberg (hereinafter "Isenberg"), is the Owner, President, and COO of Multipoint, with her current whereabouts unknown. She currently conducts business at 415 North Sangamon Street, 3rd Floor Front, Chicago, Illinois 60642.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

5.      Upon information and belief, Defendant, Worldpay, is a business that provides secure payment services for small and large businesses, including payments online, card machines and telephone payments and has a business address located at 600 Morgan Falls Road, Atlanta, GA 30350.

**ANSWER:**  Worldpay admits that it provides secure payment-acceptance solutions for a wide range of companies, and that these solutions include card, online, mobile, telephone, and mail-order payments, among other things. Worldpay denies the remaining allegations of this paragraph.

6.      On or around June 2017, Hyer approached Multipoint and Isenberg as it needed a new credit card processor as its existing processors could not process the credit card chips.

**ANSWER:**  Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

7.      Multipoint and Isenberg claimed that it was an ISO processor, but that statement was incorrect as it was not an ISO processor.

**ANSWER:**  Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

8.      On July 5, 2017, Hyer and Multipoint entered into a portfolio purchase agreement (hereinafter "Agreement") in which Hyer agreed to sell and Multipoint agreed to purchase the portfolio residual, in part, on the following terms:

a.      Multipoint agreed to make installment payments of $110,000.00 in equal installments over 12 months with the first payment due on August 20, 2017;

b.      Multipoint agreed to make a final payment of $15,396.98 to Super G by July 20, 2017;

c.      Multipoint agreed to reimburse Hyer $10,000.00 for registration fees;

d.      Multipoint agreed to hire Hyer's two sales representatives, Duane Vandre and Donald Lewis;

e.   Multipoint agreed that Duane Vandre and Donald Lewis would receive 50% of the residuals Multipoint received and for future accounts;

f.   Multipoint agreed to pay Hyer 10% of the residuals earned from the portfolio residual and 50% of the residuals earned from future accounts Hyer signs up for payment processing through the purchaser; and

g.   Hyer, Duane Vandre, and Donald Lewis agreed to sell payment processing services exclusively for Multipoint as indicated in the contract attached to this Complaint as Exhibit A.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

9.   Multipoint never paid Hyer as required in the Agreement in January 2018.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

10.   Unknown to Hyer, prior to Multipoint ever paying Hyer for the accounts, Multipoint used the residual income from Hyer's portfolio to secure a loan with Super G.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

11.   Once Multipoint secured a loan from Super G, it failed to pay Hyer.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

12.   Despite Hyer's loans with Super G being paid in full, Hyer's residual income was redirected to Super G.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

13.   Hyer notified Super G that Multipoint had breached its Agreement with Hyer and demanded that Super G redirect the residual income from Hyer's portfolio to it. Super G continued

to redirect Hyer's residuals to itself despite Super G knowing that Multipoint had breached its contract with Hyer.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

14. Multipoint misrepresented its business in the process of negotiating the Agreement for its own financial gain.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

15. Since the Agreement, Multipoint has not been providing Hyer's merchants with the support and assistance they require, Hyer has experienced:

      a. Employee attrition;

      b. Customer attrition; and

      c. Damage to its reputation.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

16. As a result of Multipoint and Super G's behavior, Hyer has suffered financially, including defaulting on financial obligations.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

17. Since litigation has commenced, WorldPay entered into a transaction with Multipoint and perhaps its owners for the purpose of purchasing approximately 50 credit card processing ISO accounts. Many of these accounts were purchased by Multipoint from Hyer. Hyer has not been paid per the contractual terms of its portfolio purchase agreement with Multipoint.

**ANSWER:** Worldpay admits that it has purchased certain residuals arising from merchants processing with First Data. Worldpay denies that its purchases, or any other allegations of the Amended Complaint, entitle Plaintiff to any relief from Worldpay. Worldpay lacks sufficient

knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

18.     Pursuant to Section 11.9 of the contractual agreement that Multipoint had with Hyer, Multipoint was bound by the following:

> 11.9    Assignment.  Neither this Agreement nor any interest herein shall be assignable (voluntarily, involuntarily, by judicial process or otherwise) by any party to any person or entity without the prior written consent of the other party.  Any attempt to assign this Agreement without such consent shall be void and, at the option of the party whose consent is required, shall be an incurable breach of this Agreement resulting in the termination of this Agreement.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

19.     This contractual language was brought to the attention of WorldPay on December 7, 2018, but WorldPay has not responded. Hyer never consented to the sales or transfers to WorldPay.

**ANSWER:**   Worldpay admits that it received correspondence from John F. Mayer, Esq. regarding this case on or about December 7, 2018. Worldpay further admits that its representative responded to Mr. Mayer's correspondence by email on December 10, 2018, and again, by mail, on December 13, 2018. Worldpay denies the remaining allegations of this paragraph. Worldpay further denies that it was obligated to seek Plaintiff's consent, or that Plaintiff had a right to provide such consent, for any sales or transfers to Worldpay.

20.     Jurisdiction is based upon diversity of citizenship to 28 USC § 1332 since the controversy is between citizens of different states and the amount in controversy exceeds $75,000.00.

**ANSWER:**   Worldpay admits that Plaintiff invokes this Court's jurisdiction based on diversity of citizenship pursuant to 28 USC § 1332. Worldpay denies that Plaintiff is entitled to the relief it seeks or that Worldpay is a proper party to this case. Worldpay denies the remaining allegations of this paragraph.

21.     Venue is proper pursuant to 28 USC § 1391(d) as the defendants have significant contacts within this judicial district.

**ANSWER:**   Worldpay admits that Plaintiff seeks to establish proper venue in this Court pursuant to 28 USC § 1391(d). Worldpay denies that it maintains offices within this judicial

district. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

### I.      BREACH OF CONTRACT (AGAINST MULTIPOINT ONLY)

22.      Hyer realleges and incorporates herein by reference the allegations in the foregoing

paragraphs, as if fully stated herein.

**ANSWER:**    Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

23.      Multipoint breached its contract with Hyer by failing to make payments as required

in the Agreement.

**ANSWER:**    Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

24.      Since litigation has commenced, WorldPay entered into a transaction with

Multipoint and perhaps its owners for the purpose of purchasing approximately 50 credit card

processing ISO accounts. Many of these accounts were purchased by Multipoint from Hyer.  Hyer

has not been paid per the contractual terms of its portfolio purchase agreement with Multipoint.

**ANSWER:**    Worldpay admits that it has purchased certain residuals arising from merchants processing with First Data. Worldpay denies that its purchases, or any other allegations of the Amended Complaint, entitle Plaintiff to any relief from Worldpay. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

25.      Pursuant to Section 11.9 of the contractual agreement that Multipoint had with

Hyer, Multipoint was bound by the following

> 11.9     Assignment.  Neither this Agreement nor any interest herein shall be assignable (voluntarily, involuntarily, by judicial process or otherwise) by any party to any person or entity without the prior written consent of the other party.  Any attempt to assign this Agreement without such consent shall be void and, at the option of the party whose consent is required, shall be an incurable breach of this Agreement resulting in the termination of this Agreement.

Hyer never consented to the sales or transfers to WorldPay.

**ANSWER:** Worldpay denies that it was obligated to seek Plaintiff's consent, or that Plaintiff had a right to provide such consent, for any sales or transfers to Worldpay. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

26. Hyer has suffered monetary and reasonably foreseeable damages as a result of Multipoint's breach of its contract with Hyer to which Hyer requests judgment against Multipoint for the amounts not paid as well as consequential damages suffered as a result of Multipoint's breach.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## II. WIS. STAT. § 134.01 (AGAINST MULTIPOINT AND SUPER G)

27. Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:** Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

28. Multipoint and Super G have willfully or maliciously hurt Hyer's reputation and/or business causing Hyer to default on financial obligations.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

29. Hyer sustained damages and continues to incur substantial and irreparable damage to its business as a result of defendants' actions.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## III. CIVIL CONSPIRACY (AGAINST MULTIPOINT AND SUPER G)

30. Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:** Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

31.     Defendants conspired together to damage Hyer's reputation and/or business.

**ANSWER:**     Worldpay denies that it conspired against Plaintiff. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

32.     Hyer sustained damages and continues to incur substantial and irreparable damage

to its business as a result of defendants' actions.

**ANSWER:**     Worldpay denies that Plaintiff has sustained any damages as a result of Worldpay's actions. Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## IV.     PUNITIVE DAMAGES (AGAINST MULTIPOINT AND SUPER G)

33.     Hyer realleges and incorporates herein by reference the allegations in the foregoing

paragraphs, as if fully stated herein.

**ANSWER:**     Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

34.     Defendants acted maliciously or in intentional disregard of the rights of plaintiff

Hyer as set forth above.

**ANSWER:**     Worldpay denies that it acted maliciously or in intentional disregard of Plaintiff's rights. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

35.     As a direct and proximate result of the outrageous conduct of the defendants, Hyer

sustained damages and continues to incur substantial and irreparable damage to its business and is

entitled to punitive damages.

**ANSWER:**     Worldpay denies that Plaintiff has sustained any damages as a result of Worldpay's actions. Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## V.     MISREPRESENTATION (AGAINST MULTIPOINT ONLY)

36.     Hyer realleges and incorporates herein by reference the allegations in the foregoing

paragraphs, as if fully stated herein.

**ANSWER:** Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

37. Multipoint specifically represented to Hyer that it was a financially stable company

and that it would make payments to Hyer as required in the Agreement.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

38. Multipoint made this representation with the intent to induce Hyer to enter into the

Agreement.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

39. Hyer is a member of the public meant to be protected by Wis. Stat.§ 100.18.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

40. Multipoint further withheld material information and facts, which Hyer would need

to know and understand before entering into the Agreement.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

41. Multipoint's representations and misleading practices were false, deceptive, and

misleading.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

42. Multipoint's false, deceptive, and misleading practices and representations have

caused Hyer to suffer economic loss.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## VI.  NEGLIGENT MISREPRESENTATION (AGAINST MULTIPOINT ONLY)

43.     Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**   Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

44.     Multipoint specifically represented to Hyer that it was a financially stable company and that it would make payments to Hyer as required in the Agreement.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

45.     The representations were untrue.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

46.     Multipoint failed to exercise reasonable care in ascertaining the necessary facts for disclosure.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

47.     Hyer relied upon the representations to be true and relied on them to its detriment.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

48.     As a result of Multipoint's failure to exercise reasonable care, Hyer has suffered pecuniary damages in an amount to be determined at trial.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## VII.   INTENTIONAL MISREPRESENTATION (AGAINST MULTIPOINT ONLY)

49.     Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**   Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

50. Multipoint specifically represented to Hyer that it was a financially stable company and that it would make payments to Hyer as required in the Agreement while knowing it was not a financially stable company and would not make payments as required in the Agreement.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

51. The representations were untrue.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

52. The untrue representations were knowingly made by Multipoint without caring whether the representations were true or false.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

53. Multipoint made the representations with the intent to deceive and induce Hyer to enter into the Agreement at a price and on terms favorable to Multipoint, and to the detriment of Hyer, resulting in pecuniary damages in an amount to be determined at trial.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

54. Hyer believed the representations made by Multipoint to be true and relied upon the representations.

**ANSWER:** Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## VIII. STRICT LIABILITY MISREPRESENTATION (AGAINST MULTIPOINT ONLY)

55. Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:** Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

56. Multipoint made representations of facts as set forth above.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

57.   The representations were untrue.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

58.   Multipoint made the representations as facts based upon its own personal knowledge, or in circumstances in which it necessarily ought to have known the truth or untruth of the statements.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

59.   Multipoint had an economic interest in the Agreement, and stood to make a financial gain if Hyer entered into the transaction.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

60.   Hyer believed the representations made by Multipoint as described above to be true and relied upon the representations.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## IX.   RESCISSION OF CONTRACT (AGAINST MULTIPOINT ONLY)

61.   Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**   Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

62.   Multipoint breached its contract with Hyer.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

63.   As a result of Multipoint's breach, Hyer is entitled to rescission of the Agreement.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## X.   CIVIL THEFT (AGAINST SUPER G ONLY)

64.   Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**   Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

65.   Despite Hyer's loans with Super G being paid in full, Hyer's residual income was redirected to Super G.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

66.   Super G intentionally retained possession of Hyer's residual income despite Hyer's repeated requests with the intention to permanently deprive Hyer of its residual income.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

67.   Hyer's residual income should not have been redirected to Super G.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

68.   As a result of Super G's conduct, Hyer has suffered damages in an amount to be determined at trial.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## XI.   FRAUD (AGAINST MULTIPOINT AND SUPER G)

69.   Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**   Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

14

70.     Multipoint specifically represented to Hyer that it was a financially stable company and that it would make payments to Hyer as required in the Agreement.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

71.     This representation was untrue as Multipoint used Hyer's portfolio to ensure payment with Super G and did not make payments as required in the Agreement.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

72.     Multipoint knew the representations were incorrect and that it would not be able to make the required payments in the Agreement, but did not properly notify Hyer.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

73.     Multipoint made this representation to induce Hyer to its detriment as Hyer entered into an Agreement with Multipoint expecting the company was financially stable and that it would make the required payments in the Agreement.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

74.     Hyer notified Super G that Multipoint had breached its Agreement with Hyer and demanded that Super G redirect the residual income from Hyer's portfolio to it.  Super G continued to redirect Hyer's residuals to itself despite Super G knowing that Multipoint had breached its contract with Hyer.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

75.     Hyer believed Multipoint's representations and relied on the representations.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

76.     As a result of Multipoint and Super G's conduct, Hyer has suffered damages in an amount to be determined at trial.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## XII.    PIERCING THE CORPORATE VEIL (AGAINST ISENBERG ONLY)

77.     Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**   Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

78.     Upon information and belief, Isenberg controlled the policies and business practices of Multipoint in these dealings with Hyer, such that Multipoint had no separate existence or mind of its own.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

79.     Such control asserted by Isenberg was used by her to commit a violation of statutory duties or other legal duties in contradiction of Hyer's legal rights as previously stated in this Complaint.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

80.     The aforesaid control and breach caused injury and damage to Hyer and allows Hyer to pierce the corporate veil and assert claims directly against Isenberg.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## XII.    REPLEVIN (AGAINST WORLDPAY ONLY)

81.     Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

16

**ANSWER:**   Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

82.   WorldPay is in possession of approximately 50 credit card processing ISO accounts. Many of these accounts were purchased by Multipoint from Hyer.  Hyer has not been paid per the contractual terms of its portfolio purchase agreement with Multipoint.

**ANSWER:**   Worldpay admits that it provides payment-acceptance solutions for far more than 50 credit-card-processing ISO accounts. Worldpay denies that its purchases, or any other allegations of the Amended Complaint, entitle Plaintiff to any relief from Worldpay. Worldpay lacks sufficient knowledge or information as to the remaining allegations of this paragraph and therefore denies the same.

83.   These accounts are the property of Hyer as the accounts are not assignable pursuant to Section 11.9 of the contractual agreement between Hyer and Multipoint that Multipoint has breached on account of non-payment. Hyer never consented to the sales or transfers to WorldPay.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations regarding the "contractual agreement between Hyer and Multipoint" and therefore denies the same. Worldpay also denies that it was obligated to seek Plaintiff's consent, or that Plaintiff had a right to provide such consent, for any sales or transfers to Worldpay. Worldpay further denies that Plaintiff is entitled to the relief it seeks from Worldpay.

## XIV.   815 ILL. COMP. STAT. ANN. 505/2 (AGAINST MULTIPOINT ONLY)

84.   Hyer realleges and incorporates herein by reference the allegations in the foregoing paragraphs, as if fully stated herein.

**ANSWER:**   Worldpay re-alleges and incorporates herein by reference its answers to the foregoing paragraphs, as if fully stated herein.

85.   Multipoint specifically represented to Hyer that it was a financially stable company and that it would make payments to Hyer as required in the Agreement.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

86.   The representations were untrue.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

87.     Multipoint failed to exercise reasonable care in ascertaining the necessary facts for disclosure and Multipoint intended for Hyer to rely on the representations.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

88.     Hyer relied upon the representations to be true and relied on them to its detriment.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

89.     Multipoint made these representations in the course of trade or commerce as the parties were negotiating, in part, the sale of Hyer's portfolio residual.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

90.     As a result of Multipoint's failure to exercise reasonable care, Hyer has suffered pecuniary damages in an amount to be determined at trial.

**ANSWER:**   Worldpay lacks sufficient knowledge or information as to the allegations of this paragraph and therefore denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### *Failure to Serve Written Notice*

Plaintiff seeks replevin of "approximately 50 credit card processing ISO accounts" from Worldpay. (AC ¶ 82). But Plaintiff has not properly alleged that those accounts are "wrongfully detained" by Worldpay, as required by 735 ILCS 5/19-104. Illinois courts have interpreted that language to mean that "a replevin action cannot be maintained until the Plaintiff has made a demand for the surrender of the property and the defendant has refused." *First Illini Bank v. Wittek*

18

*Indus., Inc.*, 261 Ill. App. 3d 969, 970 (3rd Dist. 1994) (collecting cases). Here, Plaintiff has not even alleged that it fulfilled this statutory requirement before filing suit against Worldpay.

## SECOND AFFIRMATIVE DEFENSE
### *Lack of Standing*

Under Illinois law, a replevin action may be maintained only by a party who owns property or is entitled to possession thereof. *See Long v. Burnside*, 295 Ill. App. 82, 86 (3nd Dist. 1938). A plaintiff must recover on the strength of its own title to the property, and not merely "upon the weakness of the title of defendant . . . ." *Id.* Here, Plaintiff has not alleged any cognizable theory entitling it to the accounts in question; instead, it only insists that those accounts "are the property of [Plaintiff]" because Multipoint could not assign them and because Multipoint did not pay Plaintiff under their agreement. (AC ¶ 83). These allegations, even if true, do not establish *Plaintiff's* rightful ownership of those accounts (indeed, the Amended Complaint concedes that the accounts were purchased from Plaintiff by Multipoint (*see* AC ¶ 82)).

## THIRD AFFIRMATIVE DEFENSE
### *Property Not Capable of Return*

Illinois law also limits replevin actions to property that is "capable of identification and return." *FirstMerit Bank, N.A. v. Micro Medics Computer*, 2014 WL 4494731, at *2 (N.D. Ill. Sept. 9, 2014). Here, the accounts in question, even if identifiable, are not tangible or otherwise susceptible to return. Instead, they are intangible customer relationships serviced by Worldpay at the pleasure of those customers. Such property is not capable of "return" in the first place, and

Plaintiff has not alleged otherwise. Accordingly, Plaintiff's claim against Worldpay fails and should be dismissed with prejudice.

### WORLDPAY'S CROSSCLAIMS AGAINST DEFENDANT MULTIPOINT, INC.

1.      On August 20, 2018, Worldpay, LLC ("Worldpay") entered into a Letter Agreement ("Letter Agreement") to acquire rights, title, and interests to residual revenue streams for certain merchant accounts (the "Residuals") from Defendant Multipoint, Inc. ("Multipoint"). A true and correct copy of this Letter Agreement is attached hereto as **Exhibit 1**.

2.      Unbeknownst to Worldpay, certain of the Residuals sold to Worldpay under the Letter Agreement were allegedly acquired by Multipoint pursuant to a July 5, 2017 Portfolio Purchase Agreement with Hyer Standards, LLC (the "Purchase Agreement").

3.      Unbeknownst to Worldpay, the Purchase Agreement allegedly contained a limitation on assignments of interests to third parties without written consent.

4.      Unbeknownst to Worldpay, Multipoint allegedly failed to make payments to Hyer Standards, LLC ("Hyer") as required by the Purchase Agreement.

5.      Unbeknownst to Wordplay, Multipoint had been named as a defendant in this suit on May 4, 2018. This suit may involve some or all of the Residuals acquired by Worldpay, though Hyer has failed to include the list of merchant accounts that would allow Worldpay to ascertain which Residuals may be at issue.

6.      Unbeknownst to Worldpay, Multipoint allegedly secured a loan from Defendant Super G Capital, LLC using some or all of the Residuals Multipoint sold to Worldpay.

7.      In its Amended Complaint, Hyer asserts a replevin claim against Worldpay seeking to replevy the Residuals, alleging that it seeks "approximately 50 credit card processing ISO accounts that Worldpay has in its possession." (Dkt. 48, at 13).

20

8.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(d).

## CROSSCLAIM COUNT I - CONTRIBUTION

10.     Worldpay incorporates by reference paragraphs 1-9 of its Crossclaims.

11.     To the extent Hyer's claim against Worldpay relating to some or all of the Residuals at issue in the Letter Agreement succeeds, Worldpay would be obligated to return or assign the Residuals and would be denied the benefit of its bargain with Multipoint.

12.     But for Multipoint's conduct, Worldpay would not be a in a position to lose its bargained-for Residuals.

13.     To the extent Hyer's claims against Worldpay succeed and Worldpay is ordered to assign the Residuals or any portion thereof to Hyer, Multipoint is liable to Worldpay for such loss and for any damages stemming from such loss.

## CROSSCLAIM COUNT II - BREACH OF CONTRACT

14.     Worldpay incorporates by reference paragraphs 1-13 of its Crossclaims.

15.     In the Letter Agreement between Worldpay and Multipoint, Multipoint expressly represented that the Residuals were "free and clear of any liens, claims, encumbrances, security interests, options, puts, calls, rights, or other agreement of any nature whatsoever . . ." (Letter Agreement § 1).

16.     In the Letter Agreement between Worldpay and Multipoint, Multipoint further represented that "(a) [Multipoint] ha[s] the full right, power, legal capacity and authority to enter into, execute and deliver this Letter and to perform the obligation to be performed by [Multipoint] hereunder, (b) [Multipoint] ha[s], and [is] delivering to WP, good and marketable title to the Purchased Assets free and clear of any encumbrance, and (c) [Multipoint] ha[s] not granted to any

person, including, without limitation, any of [Multipoint's] independent sales representatives or employees, an interest in the Purchased Assets." (Letter Agreement § 7).

17.     The Letter Agreement between Worldpay and Multipoint also required Multipoint to "[i]mmediately satisfy any and all claims of each representative, financial institution, lender or other third party with any interest in [Multipoint's] residuals from the amount received from [Worldpay]" and to "promptly obtain a full release from any such entity." (Letter Agreement § 4).

18.     As Hyer alleges in the Amended Complaint, Section 11.9 of the Purchase Agreement prevented Multipoint from assigning its rights to some or all of the Residuals without Hyer's written consent. Upon information and belief, Multipoint never received such written consent to sell, assign, or transfer some or all of the Residuals to Worldpay as required by the Letter Agreement.

19.     Multipoint has further breached its obligations to Worldpay under the Letter Agreement because its representations that it was able to sell the Residuals and that the Residuals were free and clear of encumbrances were false.

20.     Worldpay has been damaged as a result of Multipoint's breaches, and Multipoint owes Worldpay the full amount it received under the Agreement as well as the profits Worldpay has lost from being unable to receive the revenue streams from the Residuals as promised in the Letter Agreement.

**CROSSCLAIM COUNT III - DECLARATORY JUDGMENT (INDEMNIFICATION)**

21.     Worldpay incorporates by reference paragraphs 1-20 of its Crossclaims.

22.     The Letter Agreement provides that, in the event of a breach of the agreement by Multipoint, Multipoint is "liable to [Worldpay] for the amount of any and all actual damages and

lost profits incurred by WP as a result of such breach, act or omission, including without limitation, interest, penalties, court costs and reasonable attorneys' fees." (Letter Agreement at 2).

23.     As a direct result of Multipoint's misrepresentations and breaches under the Letter Agreement, Worldpay has been forced to incur fees and costs associated with the defense of claims against it by Plaintiff Hyer, including attorney's fees. Worldpay has also incurred fees and costs associated with bringing these Crossclaims against Multipoint.

24.     By the terms of the Letter Agreement, Multipoint must indemnify Worldpay for all of its court costs and attorney's fees related to this lawsuit.

25.     On January 28, 2020, Worldpay requested that Multipoint indemnify it for all costs and fees associated with this ongoing lawsuit. To date, Multipoint has not responded to Worldpay's request and has by extension declined to indemnify Worldpay. Thus, there is a present and ongoing dispute between the parties regarding Multipoint's indemnification obligations under the Letter Agreement.

## JURY DEMAND

Worldpay demands a trial by jury on all of its Crossclaims.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Worldpay respectfully requests that the Court:

1.     Deny Plaintiff's request for relief against Worldpay;

2.     Dismiss the Amended Complaint with prejudice as to Worldpay;

3.     Find Multipoint liable to Worldpay for contribution to the extent Worldpay is ordered to transfer some or all of the Residuals to Hyer;

4.     Find Multipoint liable to Worldpay for breach of contract and award damages for Multipoint's breach of contract;

5.     Award fees and costs associated with Worldpay's defense of this and case; and

6.     Award Worldpay any other relief the Court may deem just and proper.

Dated this 18th day of February, 2020.

BENESCH, FRIEDLANDER, COPLAN &
ARONOFF, LLP


By: */s/Trevor J. Illes*_____ ___
        David Pope
        Trevor Illes
        Benesch, Friedlander, Coplan
         & Aronoff LLP
        71 S. Wacker Drive, Suite 1600
        Chicago, IL  60606
        (312) 212-4949
        (312) 767-9192 - Fax
        Email:  dpope@beneschlaw.com
               tilles@beneschlaw.com

*Attorneys for Defendant Worldpay, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 18th day of February, 2020, I electronically filed the foregoing *Amended Answer, Affirmative Defenses, and Crossclaims* with the Clerk of the Northern District of Illinois via its CM/ECF system, which will send a notice of electronic filing to all registered participants.

*/s/ Trevor J. Illes*

*Attorney for Worldpay*
